**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re: Case No. 26-24060-CAP

DECCURE GROUP LLC, Chapter 11

Debtor.
_________________________________________/

**GENUINE INVESTMENTS LAND TRUST'S MOTION TO CONVERT CHAPTER 11 CASE TO CASE UNDER CHAPTER 7 PURSUANT TO 11 U.S.C. § 1112(b)**

Genuine Investments Land Trust, ("GILT"), a secured creditor and co-owner of the Property (defined below), and party in interest, by and through undersigned counsel, moves pursuant to 11 U.S.C. § 1112(b) for entry of an order converting the above-captioned Chapter 11 case of Deccure Group LLC (the "Debtor") to a case under Chapter 7 of the Bankruptcy Code. In support, GILT states as follows:

**PRELIMINARY STATEMENT**

The Debtor has not made a payment on its $600,000 mortgage loan since September 1, 2021, and it has not paid the real estate taxes on its only asset for four consecutive years, 2022 through 2025. Those defaults led first to a foreclosure action and then to a tax deed sale, and the Debtor has twice used Chapter 11 to stop the sale of the Property. It filed its first case on July 9, 2025, the day before a scheduled foreclosure sale. That case was dismissed on July 22, 2025, because the Debtor did not file its schedules and other required documents. The Debtor filed this case on October 22, 2026, four days before a tax deed sale scheduled for October 26, 2026.

The Debtor's only asset is its undivided fifty percent interest in the real property located at 1484 NE 57th Place, Fort Lauderdale, FL 33334 (the "Property"). GILT owns the other fifty

percent. According to the Debtor's own case management summary, it has no employees and approximately $1,500 in unsecured debt. Its single asset is a half interest in a Property worth approximately $841,530 and encumbered by roughly $1.4 million in secured claims. A copy of the Property Appraiser valuation is attached hereto as Exhibit "A".

The Debtor has no operations and no income. Its insurance falls well short of what its Mortgage requires: it has no flood coverage, and its dwelling limit is a fraction of the Property's value. There is no equity, no prospect of a confirmable plan, and no purpose to this case other than delay. Cause exists under 11 U.S.C. § 1112(b)(4)(A), (B), and (C), and under the Eleventh Circuit's bad faith jurisprudence, and conversion to Chapter 7 is in the best interests of creditors and the estate.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested are 11 U.S.C. §§ 105(a) and 1112(b).

## BACKGROUND

### A. The Property, the Loan, and GILT's Interests

3. The Debtor's only real asset is an undivided fifty percent interest in the real property located at 1484 N.E. 57 Place, Fort Lauderdale, Florida 33334 [Dkt. No. 3 ¶¶ 3, 9]. The Debtor's only other disclosed asset is a TD Bank account holding $51.52. [*Id.* ¶ 9].

4. On May 27, 2021, the Debtor and ES Kavell Corp. ("ES Kavell") executed and delivered a promissory note in the original principal amount of $600,000.00 (the "Note") and a

Mortgage and Security Agreement securing the Note, recorded on May 28, 2021, as Instrument No. 117306705 in the Public Records of Broward County, Florida (the “Mortgage”).

5. GILT is the owner and holder of the Note, Mortgage, and Assignment of Rents by assignment recorded on June 22, 2023, as Instrument No. 118934517.

6. The Debtor and ES Kavell defaulted by failing to make the payment due on September 1, 2021, and every payment since. On June 24, 2024, GILT commenced an action to foreclose the Mortgage in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida (the “Foreclosure Action”).

7. On September 23, 2024, ES Kavell conveyed its fifty percent (50%) interest in the Property to GILT by Warranty Deed in lieu of foreclosure. GILT is the only owner of the Property other than the Debtor. In its capacity as owner of the remaining undivided fifty percent interest, GILT consents to and supports conversion of this case to Chapter 7.

**B. The Prior Case**

8. On July 9, 2025, the day before a foreclosure sale of the Property scheduled for July 10, 2025, the Debtor filed a voluntary petition under Chapter 11 in this Court, Case No. 25-17802-PDR (the “Prior Case”), staying the sale.

9. The Debtor never filed its schedules of assets and liabilities, statement of financial affairs, or the other documents required by 11 U.S.C. § 521(a)(1) in the Prior Case. On July 22, 2025, the Court dismissed the Prior Case for the Debtor’s failure to file its schedules and other required documents.

**C. The Present Case**

10. The Debtor failed to pay the ad valorem real property taxes on the Property for four consecutive years, tax years 2022, 2023, 2024, and 2025. Tax certificates were sold against the

Property and TLOA of Florida, LLC ("TLOA") applied for a tax deed. A tax deed sale was scheduled for October 26, 2026 (the "Tax Deed Sale").

11. On October 22, 2026 (the "Petition Date"), the Debtor filed a voluntary petition commencing this case under Chapter 11. The only reason the Debtor gives for filing is the "[t]ax deed sale scheduled for October 26, 2026." [Dkt. No. 3 ¶ 5].

12. As in the Prior Case, the Debtor filed its petition without schedules or a statement of financial affairs. It did file a Chapter 11 Case Management Summary under Local Rule 4002-1 (the "CMS"). In the CMS, the Debtor represents, among other things, that:

(a) its business consists solely of being "the 50% owner" of the Property (CMS ¶ 3);

(b) it has no employees and no payroll (CMS ¶¶ 11–12);

(c) its secured creditors are TLOA, holding a claim of $81,443.33 as tax deed holder, and GILT, holding a claim of $1,313,806.00, which the Debtor labels disputed (CMS ¶ 8(a));

(d) its general unsecured claims total approximately $1,500.00 (CMS ¶ 8(c)); and

(e) its only cash is $51.52 in a TD Bank account (CMS ¶ 9).

**D. The Property Has No Equity**

13. According to the Broward County Property Appraiser, the market value of the Property for tax year is $841,530. By the Debtor's own figures, the secured claims against the Property total approximately $1,395,249.33 ($1,313,806.00 owed to GILT plus $81,443.33 owed to TLOA). The encumbrances therefore exceed the county's market value of the entire Property by approximately $560,719.33, before accounting for the fact that the Debtor owns only a fifty percent interest in it. Even using the Debtor's own, higher estimate of $1.1 million, the encumbrances exceed the Property's value by nearly $300,000. Under any measure, there is no equity in the Property for the Debtor or its estate.

14. The debt continues to grow. GILT's claim has more than doubled from the original $600,000 principal because the Debtor has not made any payments since September 2021. Tax certificate interest and the 2026 ad valorem taxes will become due and payable on November 1, 2026, which would make a fifth consecutive year of unpaid taxes.

## E. The Debtor Has No Income and Pays No Taxes or Debt Service

15. The Debtor has no operations, no employees, and no payroll. [Dkt. No. 3 ¶¶ 3, 11–12]. Upon information and belief, the Debtor generates no income and has no source of funds from which to pay the real estate taxes, insurance premiums, or debt service on the Property, or to fund a plan of reorganization.

16. The Debtor has not made any payments on the Note in more than five years and allowed the real estate taxes to go unpaid until the Property was set for a tax deed sale.

## F. The Debtor's Insurance Does Not Satisfy the Mortgage

17. The Mortgage requires the mortgagor to continuously keep the Property insured "against loss or damage by or abatement of rental or other income resulting from flood, fire, windstorm, extended coverage and such other hazards, casualties and contingencies and perils as may be reasonably required by Mortgagee and in an amount which is equal to the full insurable value of the Mortgaged Property." Each policy must contain a non-contributing loss payable clause in favor of the mortgagee.

18. The only property insurance the Debtor has disclosed is American Integrity Insurance Company Dwelling Policy No. AGD31013824 (the "Policy"), attached to the CMS. [ECF No. 3 at 4–7]. The Policy falls short of the Mortgage's requirements in at least the following respects:

> (a) <u>No flood coverage.</u> The Policy excludes flood, and its declarations expressly warn that it "DOES NOT INCLUDE COVERAGE FOR

> DAMAGE RESULTING FROM FLOOD EVEN IF HURRICANE WINDS AND RAIN CAUSED THE FLOOD TO OCCUR."
>
> (b) Inadequate limits. The dwelling limit (Coverage A) is $388,000, about forty-six percent (46%) of the $834,530 value of the Property, and less than the replacement cost.

**LEGAL STANDARD**

19. Section 1112(b)(1) provides that, on request of a party in interest and after notice and a hearing, "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause," unless the Court determines that the appointment of a trustee or examiner is in the best interests of creditors and the estate. 11 U.S.C. § 1112(b)(1).

20. Section 1112(b)(4) lists conduct that constitutes "cause," including "(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; (B) gross mismanagement of the estate; and (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public." 11 U.S.C. § 1112(b)(4)(A)–(C).

21. A bad faith filing also constitutes cause under § 1112(b). *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393, 1394 (11th Cir. 1988); *In re Natural Land Corp.*, 825 F.2d 296, 298 (11th Cir. 1987).

22. Once the movant establishes cause, the Court must convert or dismiss unless the debtor carries its burden under § 1112(b)(2) of showing unusual circumstances establishing that conversion or dismissal is not in the best interests of creditors and the estate, that there is a reasonable likelihood a plan will be confirmed within a reasonable period of time, and that the grounds for conversion arise from an act or omission for which there is a reasonable justification that will be cured within a reasonable period of time. 11 U.S.C. § 1112(b)(2). That exception does not apply to cause under § 1112(b)(4)(A). *Id.* § 1112(b)(2)(B).

## ARGUMENT

### A. Cause Exists Under § 1112(b)(4)(A): Continuing Loss to the Estate and No Reasonable Likelihood of Rehabilitation

23. Continuing loss. The estate's only meaningful asset is a half interest in a Property whose encumbrances already exceed its total value. Every month, interest accrues on GILT's claim, tax certificate interest accrues and new taxes come due, while the Debtor has no income with which to pay any of these obligations. The result is a steady and continuing diminution of the estate and a growing deficiency borne entirely by creditors.

24. No reasonable likelihood of rehabilitation. The Debtor has no business other than holding a half interest in the Property, no employees, no income, and $51.52 in the bank. With no equity, it has nothing to borrow against and nothing to contribute to a plan. To confirm a plan over GILT's objection, the Debtor would have to cure or pay GILT's secured claim and TLOA's tax claim, approximately $1.4 million combined, and pay current taxes and insurance going forward. With no income, no operations, and no identified source of financing, there is no reasonable likelihood of rehabilitation.

25. Because cause exists under § 1112(b)(4)(A), the Debtor cannot avoid conversion through the "unusual circumstances" exception. 11 U.S.C. § 1112(b)(2)(B).

### B. Cause Exists Under § 1112(b)(4)(B): Gross Mismanagement of the Estate

26. As debtor in possession, the Debtor holds the rights and bears the duties of a trustee, 11 U.S.C. §§ 1106(a), 1107(a), and must manage and operate the property in its possession according to the requirements of valid state law, 28 U.S.C. § 959(b). At a minimum, those duties include paying the taxes on, and properly insuring, the estate's principal asset.

27. The Debtor has done neither. It left the taxes unpaid for four consecutive years, 2022 through 2025, until its sole asset was set for a tax deed sale. It paid nothing to its secured

lender. It did not obtain even its deficient insurance until eight days before filing. A debtor that allows its only asset to approach forfeiture for unpaid taxes, while leaving it without the insurance its Mortgage requires, has grossly mismanaged the estate.

**C. Cause Exists Under § 1112(b)(4)(C): Failure to Maintain Appropriate Insurance**

28. “Appropriate” insurance, at a minimum, is insurance that protects the estate’s asset and the parties holding interests in it against the risks that asset actually faces. For a waterfront-area residence in South Florida encumbered by a mortgage that expressly requires flood coverage at full insurable value, the Policy is not appropriate insurance, and the Policy’s gaps pose a concrete risk to the estate.

29. GILT is neither named insured nor an named mortgagee under the Policy. Any proceeds would be paid to the Debtor.

**D. The Case Was Filed in Bad Faith**

30. The Eleventh Circuit has identified circumstances indicating a bad faith Chapter 11 filing, including that the debtor has only one asset; that it has few unsecured creditors whose claims are small relative to the secured claims; that it has few or no employees; that the property is the subject of a foreclosure action as a result of arrearages; that the debtor’s financial problems involve essentially a dispute between the debtor and its secured creditors that can be resolved in state court; and that the timing of the filing evidences an intent to delay or frustrate the legitimate efforts of secured creditors to enforce their rights. *Phoenix Piccadilly*, 849 F.2d at 1394–95.

31. Every one of these circumstances is present, and the Debtor’s own CMS establishes most of them. The Debtor has one asset. It has approximately $1,500 in unsecured debt against nearly $1.4 million in secured claims. It has no employees. The Property is the subject of the Foreclosure Action, which arises from a default dating to September 2021. Its only real creditors

are GILT and TLOA, and its dispute with GILT is pending in state court. And it has twice filed for bankruptcy on the eve of a sale of the Property. The Debtor uses Chapter 11 as a tool to stop enforcement, not as a path to reorganization.

**E. Conversion to Chapter 7 Is in the Best Interests of Creditors and the Estate**

32. Having established cause, the Court must choose between conversion and dismissal based on the best interests of creditors and the estate. 11 U.S.C. § 1112(b)(1). Conversion is the better remedy. Notably, the only other owner of the Property, holding the remaining fifty percent interest, consents to conversion.

33. First, dismissal would invite a third filing. The Debtor has twice invoked the automatic stay to stop a sale of the Property without any ability to reorganize. Dismissal would simply return the parties to the status quo until the next sale date prompts the next petition.

34. Second, a Chapter 7 trustee is an independent fiduciary who can promptly secure appropriate insurance, take control of the Property, and sell it under 11 U.S.C. § 363 for the benefit of creditors. GILT, as both the holder of the senior mortgage and the owner of the remaining fifty percent interest in the Property, consents to a trustee's sale of the entire Property and is willing to accept a discount on its secured claim to facilitate that sale and provide a recovery for the estate. With GILT's consent as co-owner, a trustee can market and sell the Property as a whole, free of the obstacles that would otherwise complicate a sale of only the Debtor's undivided interest.

35. Third, the Debtor has never filed schedules or a statement of financial affairs in either case. A Chapter 7 trustee can investigate the Debtor's finances, including any pre-petition transfers to insiders.

**F. No Unusual Circumstances Exist**

36. No unusual circumstances establish that conversion is not in the best interests of creditors and the estate. 11 U.S.C. § 1112(b)(2). The Debtor cannot show a reasonable likelihood that a plan will be confirmed within a reasonable time, or a reasonable justification for its failures that will be cured within a reasonable period. In any event, the exception is unavailable where, as here, cause exists under § 1112(b)(4)(A). *Id.* § 1112(b)(2)(B).

WHEREFORE, Genuine Investments Land Trust respectfully requests that the Court enter an order (i) granting this Motion; (ii) converting this case to a case under Chapter 7 of the Bankruptcy Code pursuant to 11 U.S.C. § 1112(b); (iii) directing the United States Trustee to appoint a Chapter 7 trustee; (iv) directing the Debtor to comply with Bankruptcy Rule 1019, to turn over to the Chapter 7 trustee all property of the estate, including all books and records; (v) in the alternative to dismiss this case; and (vi) granting such other and further relief as the Court deems just and proper.

Dated: October 28, 2026

Respectfully submitted,

COHEN LEGAL SERVICES, P.A.
*Counsel for Genuine Investments Land Trust*
1801 NE 123rd Street, Suite 314
North Miami, Florida 33181
Telephone: 305-570-2326
Email: rocky@lawcls.com

By: /s/ Rachamin Cohen
Rachamin Cohen, Esq.
Florida Bar No. 96305

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 27, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system upon all parties registered to receive electronic notice in this case, including Mark S. Roher, Esq., proposed counsel for the Debtor, and the Office of the United States Trustee, and via U.S. Mail upon the Debtor, TLOA of Florida, LLC, and all creditors and parties in interest on the attached service list as required by Bankruptcy Rule 2002(a)(4).

By: /s/ Rachamin Cohen
Rachamin Cohen, Esq.
Florida Bar No. 96305

Label Matrix for local noticing
113C-0
Case 26-24060-CAP
Southern District of Florida
Fort Lauderdale
Wed Oct 28 10:09:11 EDT 2026

Deccure Group LLC
1484 NE 57th Place
Fort Lauderdale, FL 33334-6120

Genuine Investment Land Trust
c/o Cohen Legal Services, P.A.
1801 NE 123rd Street
Suite 314
North Miami, FL 33181-2883

Bertrand Laferrere
c/o Jeremy R. Kreines
3741 Main Highway, Suite 206
Miami, FL 33133-5907

Broward County Tax Collector
115 S. Andrews Ave.
A100
Fort Lauderdale, FL 33301-1888

City of Fort Lauderdale
700 NW 19th Ave.
Fort Lauderdale, FL 33311-7834

City of Fort Lauderdale
Po Box 31687
Tampa, FL 33631-3687

Florida Power and Light
General Mail Facility
Miami, FL 33188-0001

Genuine Investments Land Trust
c/o Michael Rodriguez, Esq.
6961 Indian Creek Drive
Miami Beach, FL 33141-3112

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
Stop 5760
7850 SW 6th Court
Room 165
Plantation, FL 33324-3210

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Steven Wining, as Trustee of the
Genuine Investments Land Trust
c.o David Bakalar
3301 N. University Drive, Ste 100
Pompano Beach, FL 33065-4149

TECO
P.O. Box 31318
Tampa, FL 33631-3318

TLOA of Florida, LLC
11 W 42nd Street
9th Floor
New York, NY 10036-8079

TLOA of Florida, LLC
c/o Congency Global, Inc.
115 North Calhoun Street, Ste 4
Tallahassee, FL 32301-1568

(p)LAW OFFICE OF MARK S ROHER P A
1806 N FLAMINGO ROAD
SUITE 300
PEMBROKE PINES FL 33028-1032

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Mark S. Roher Esq.
Law Office of Mark S. Roher, P.A.
1806 N. Flamingo Road, Suite 300
Pembroke Pines, FL 33028

End of Label Matrix
Mailable recipients 16
Bypassed recipients 0
Total 16

# Exhibit "A"



MARTY KIAR BROWARD COUNTY PROPERTY APPRAISER

| | |
|---|---|
| Property Address | **1484 NE 57 PLACE, FORT LAUDERDALE FL 33334-6120** |
| Property Owner | DECCURE GROUP LLC<br>GENUINE INVESTMENTS LAND TR ETAL |
| Mailing Address | 5810 SW 33 TER FORT LAUDERDALE FL 33312 |

| | |
|---|---|
| ID # | 4942 11 06 5200 |
| Millage | 0312 |
| Use | 01-01 |

| | |
|---|---|
| Abbr Legal Description | CORAL RIDGE ISLES 45-47 B LOT 31 BLK 24 |

**The just values displayed below were set in compliance with Sec. 193.011, Fla. Stat., and include a reduction for costs of sale and other adjustments required by Sec. 193.011(8).**

* 2027 values are considered "working values" and are subject to change.

**Property Assessment Values**

| Year | Land | Building / Improvement | Just / Market Value | Assessed / SOH Value | Tax |
|---|---|---|---|---|---|
| 2027 | $162,000 | $679,530 | $841,530 | $841,530 | |
| 2026 | $162,000 | $679,530 | $841,530 | $841,530 | |
| 2025 | $162,000 | $715,130 | $877,130 | $877,130 | $16,958.63 |

**2027 Exemptions and Taxable Values by Taxing Authority**

| | County | School Board | Municipal | Independent |
|---|---|---|---|---|
| Just Value | $841,530 | $841,530 | $841,530 | $841,530 |
| Portability | 0 | 0 | 0 | 0 |
| Assessed/SOH | $841,530 | $841,530 | $841,530 | $841,530 |
| Homestead | 0 | 0 | 0 | 0 |
| Add. Homestead | 0 | 0 | 0 | 0 |
| Wid/Vet/Dis | 0 | 0 | 0 | 0 |
| Senior | 0 | 0 | 0 | 0 |
| Exempt Type | 0 | 0 | 0 | 0 |
| Taxable | $841,530 | $841,530 | $841,530 | $841,530 |

**Sales History**

| Date | Type | Price | Book/Page or CIN |
|---|---|---|---|
| 9/23/2024 | WD-T | $100 | 119918341 |
| 5/25/2021 | WD-Q | $600,000 | 117306704 |
| 7/1/1986 | WD | $127,000 | 13600 / 732 |
| 9/1/1981 | WD | $154,000 | |
| 6/1/1973 | WD | $62,000 | |

**Land Calculations**

| Price | Factor | Type |
|---|---|---|
| $21.60 | 7,500 | SF |
| | | |
| | | |
| | | |
| Adj. Bldg. S.F. (Card, Sketch) | | 2298 |
| Units/Beds/Baths | | 1/4/3 |
| Eff./Act. Year Built: 1964/1960 | | |

**Special Assessments**

| Fire | Garb | Light | Drain | Impr | Safe | Storm | Misc2 | Misc |
|---|---|---|---|---|---|---|---|---|
| 03 | | | | | | F1 | | |
| R | | | | | | | | |
| 1 | | | | | | 1 | | |